Octavio Cardona-Loya II (SBN 255309)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK CLARK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; OCWEN LOAN SERVICING, LLC; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No.: **'16CV0050 JAH BGS**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1)　　This is an action for damages brought by an individual consumer against Defendants for actual, statutory and punitive damages, and costs and attorneys' fees brought pursuant to 15 U.S.C. §1681 *et seq.* (Fair Credit Reporting Act "FCRA") and the California Consumer Credit Reporting Agencies Act, Civil Code §1785.1 *et seq.* ("CCRAA") both of which prohibit unlawful credit reporting.

////

## II.  PARTIES

2)   Plaintiff MARK CLARK is a natural person residing in the State of California, County of San Diego.

3)   Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") at all times relevant was a corporation doing business in San Diego County, California operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626.  EXPERIAN is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EXPERIAN disburses such consumer reports to third parties under contract for monetary compensation.

4)   Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 1550 PEACHTREE STREET NW, H46, ATLANTA, GA 30309.  EQUIFAX is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. EQUIFAX disburses such consumer reports to third parties under contract for monetary compensation.

5)   Defendant TRANS UNION LLC ("TRANS UNION") at all times relevant was a limited liability company doing business in San Diego County, California operating from an address at 555 W ADAMS ST., CHICAGO, IL 60661. TRANS UNION is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties. TRANS UNION disburses such consumer reports to third parties under contract for monetary compensation.

6)   Defendant OCWEN LOAN SERVICING, LLC ("OCWEN") at all times

relevant was a limited liability company doing business in San Diego County, California operating from an address at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

7) The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

8) Venue in this District is proper in that the Defendants transact business here and the Plaintiff resides here.

### III. FACTUAL ALLEGATIONS

9) At a time unknown OCWEN became the servicer for a first mortgage and a second mortgage it claimed Plaintiff owed.

10) Plaintiff never had more than two loans with OCWEN.

11) OCWEN reported up to four accounts regarding Plaintiff to each EXPERIAN, EQUIFAX, and TRANS UNION ("the CRAs").

12) Each CRA displayed the Loan in a manner that made it appear to be more than two accounts.

13) OCWEN reported each account to Plaintiff's EXPERIAN credit file twice and used two separate account numbers.

14) OCWEN reported each account to Plaintiff's EQUIFAX credit file twice and used two separate account numbers.

15) OCWEN reported each account to Plaintiff's TRANS UNION credit file twice and used two separate account numbers.

16) The information OCWEN reported to the CRAs was false as Plaintiff never had more than the two accounts with OCWEN.

17) Plaintiff disputed the false information with OCWEN and the CRAs in writing.

18) OCWEN and the CRAs failed to conduct reasonable investigations into the disputes alleged by Plaintiff.

19) The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

20) The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

21) As a result of Defendants' conduct, Plaintiff has been denied financing.

22) Plaintiff further suffered damage to his credit worthiness and emotional distress.

## IV. FIRST CAUSE OF ACTION

### (Against All Defendants for Violations of the FCRA)

23) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24) The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

25) The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to OCWEN; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

26) OCWEN violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by

failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to the CRAs.

27) The Defendants' unlawful conduct damaged Plaintiff as referenced above.

28) The Defendants' unlawful conduct was willful.

29) Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

30) Plaintiff is further entitled to recover costs and attorneys' fees from the CRAs pursuant to 15 U.S.C. §§1681n and/or 1681o.

## V.   SECOND CAUSE OF ACTION

### (Against All Defendants for Violation of the CCRAA)

31) Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32) Defendants violated the CCRAA, by including but not limited to, the following:

   (a) The CRAs violated California Civil Code §1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

   (b) The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information, or delete the item from the file;

   (c) OCWEN violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate; and

   (d) OCWEN violated California Civil Code §1785.25(g) by failing to maintain reasonable procedures to comply with the CCRAA.

33) Defendants' acts as described above were done negligently and/or intentionally

1  with the purpose of coercing Plaintiff to pay the alleged debt.

2      34)   As a proximate result of Defendants' violations enumerated above, Plaintiff has
3  been damaged in amounts which are subject to proof.

4      35)   Defendants' violations were willful and knowing.  Defendants are therefore
5  liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and
6  costs pursuant to California Civil Code §1785.31.

8  **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against
9  Defendants, and each of them, for the following:

10     (a)   Actual damages;
11     (b)   Punitive damages;
12     (c)   Statutory damages;
13     (d)   Costs and reasonable attorney's fees; and
14     (e)   For such other and further relief as the Court may deem just and proper
15         including but not limited to an order to correct the inaccurate credit information.

17 Date: January 8, 2016        /s/Octavio Cardona-Loya II   .
18                                       Octavio Cardona-Loya II
                                      Attorney for Plaintiff

20                      **DEMAND FOR JURY TRIAL**
21 Please take notice that Plaintiff demands trial by jury in this action.

23 Date: January 8, 2016        /s/Octavio Cardona-Loya II   .
24                                       Octavio Cardona-Loya II
25                                       Attorney for Plaintiff